J-S29005-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTOINE LAMAR WILSON, | |
| Appellant | No. 1984 EDA 2018 |

Appeal from the PCRA Order Entered June 22, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0015851-2013

BEFORE: BENDER, P.J.E., LAZARUS, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY BENDER, P.J.E.: **FILED JULY 15, 2019**

Appellant, Antoine Lamar Wilson, appeals from the post-conviction court's June 22, 2018 order denying his timely-filed petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. After careful review, we are compelled to vacate the court's order and remand for an evidentiary hearing.

The PCRA court summarized the facts and pertinent procedural history of Appellant's case, as follows:

> On November 28, 2013, [Appellant's] family members were celebrating Thanksgiving at [Appellant's] mother's home in Philadelphia. [Appellant] went into the kitchen and began arguing with his sister, the complainant in this case, Atiya Wilson ("Ms. Wilson"). [Appellant] was upset that the mother of his children had been invited to Thanksgiving dinner. During this argument, [Appellant] told Ms. Wilson that he was "strapped." He proceeded to pull a firearm from the waistband of his pants, point it at Ms.

Wilson's head, and threaten[] to kill her. He then pointed the gun toward the living room where other family members were present and threatened to kill the father of Ms. Wilson's children.

Ms. Wilson's teenage son Talik Monsonto ("Mr. Monsonto") testified that he first saw the firearm a few minutes before the argument started, when it slipped from the pocket of [Appellant's] pants. Once [Appellant] began making threats, Mr. Monsonto went into the living room to get other family members. Together they pushed [Appellant] out of the house.

Moments later, [Appellant] reentered the house and returned to the kitchen. As he walked in, Ms. Wilson was in the process of calling the police. [Appellant] again pointed the firearm at Ms. Wilson and threatened to blow up the house if she made the call. Ms. Wilson dropped the phone and ducked to avoid the firearm's aim. During this time, Ms. Wilson's three-year-old daughter had come into the kitchen. After Ms. Wilson ducked, the firearm was pointed at the three-year-old. Family members were again able to safely get [Appellant] out of the house, this time locking the front door. Ms. Wilson called the police, who arrived approximately twenty minutes later. [Appellant] turned himself in to the police with his parole agent on December 5, 2013.

On September 22, 2014, following a waiver trial, this [c]ourt convicted [Appellant] of multiple violations of the Uniform Firearms Act ("the UFA"),[1] possession of an instrument of crime,[2] terroristic threats,[3] simple assault,[4] and recklessly endangering another person ("REAP").[5] Sentencing was deferred for completion of a presentence investigation. On December 3, 2014, this [c]ourt sentenced [Appellant] to six to twelve years of incarceration, followed by ten years of probation.

[1] [Appellant] was found guilty of the following sections: 18 Pa.C.S. § 6105(a)(1) (possession of a firearm prohibited); 18 Pa.C.S. § 6106(a)(1) (firearms not to be carried without a license); and 18 Pa.C.S. § 6108 (carrying firearms on public streets in Philadelphia).
[2] 18 Pa.C.S. § 907(a).
[3] 18 Pa.C.S. § 2706(a)(1).
[4] 18 Pa.C.S. § 2701(a).
[5] 18 Pa.C.S. § 2705.

> [Appellant] filed a timely notice of appeal on December 22, 2014. The Superior Court affirmed [Appellant's] judgment of sentence on January 5, 2016. [**Commonwealth v. Wilson**, No. 1 EDA 2015, unpublished memorandum (Pa. Super. filed on Jan. 5, 2016).] On December 30, 2016, [Appellant] filed a timely[,] *pro se* [PCRA] petition…. Appointed counsel filed an amended petition on August 8, 2017[,] claiming that trial counsel was ineffective for failing to present witnesses. The Commonwealth answered with a motion to dismiss on February 20, 2018. On May 21, 2018, this [c]ourt issued a [Pa.R.Crim.P.] 907 notice of its intent to dismiss the petition without a hearing. This [c]ourt formally dismissed the petition on June 22, 2018. On July 9, 2018, [Appellant] filed a timely notice of appeal. On July 31, 2018, [Appellant] filed a Statement of Errors Complained of on Appeal pursuant to [Pa.R.A.P.] 1925(b).

PCRA Court Opinion (PCO), 9/28/18, at 1-3. The PCRA court issued its Rule 1925(a) opinion on September 28, 2018.

Herein, Appellant raises one issue for our review: "Whether the court erred in not granting relief on the PCRA petition alleging [a]ppellate [c]ounsel was ineffective and in not granting an evidentiary hearing?" Appellant's Brief at 8.[1],[2]

We begin by recognizing that "[t]his Court's standard of review from the grant or denial of post-conviction relief is limited to examining whether the lower court's determination is supported by the evidence of record and whether it is free of legal error." **Commonwealth v. Morales**, 701 A.2d 516, 520 (Pa. 1997) (citing **Commonwealth v. Travaglia**, 661 A.2d 352, 356 n.4

---

[1] While Appellant refers to appellate counsel in his statement of the questions involved, it is clear from the argument portion of his brief that he is really claiming that his **trial** counsel acted ineffectively.

[2] We note that the Commonwealth has not filed a brief in this case, despite requesting, and being granted, an extension of time in which to do so.

(Pa. 1995)). Where, as here, a petitioner claims that he received ineffective assistance of counsel, our Supreme Court has directed that the following standards apply:

[A] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii). "Counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him." [*Commonwealth v.*] *Colavita*, 606 Pa. [1,] 21, 993 A.2d [874,] 886 [(Pa. 2010)] (citing *Strickland*[ *v. Washington*, 466 U.S. 668 (1984)]). In Pennsylvania, we have refined the *Strickland* performance and prejudice test into a three-part inquiry. *See* [*Commonwealth v.*] *Pierce*, [515 Pa. 153, 527 A.2d 973 (Pa. 1987)]. Thus, to prove counsel ineffective, the petitioner must show that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result. *Commonwealth v. Ali*, 608 Pa. 71, 86, 10 A.3d 282, 291 (2010). "If a petitioner fails to prove any of these prongs, his claim fails." *Commonwealth v. Simpson*, [620] Pa. [60, 73], 66 A.3d 253, 260 (2013) (citation omitted). Generally, counsel's assistance is deemed constitutionally effective if he chose a particular course of conduct that had some reasonable basis designed to effectuate his client's interests. *See Ali, supra.* Where matters of strategy and tactics are concerned, "[a] finding that a chosen strategy lacked a reasonable basis is not warranted unless it can be concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued." *Colavita*, 606 Pa. at 21, 993 A.2d at 887 (quotation and quotation marks omitted). To demonstrate prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Commonwealth v. King*, 618 Pa. 405, 57 A.3d 607, 613 (2012) (quotation, quotation marks, and citation omitted). "'[A] reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the

proceeding.'" ***Ali***, 608 Pa. at 86–87, 10 A.3d at 291 (quoting ***Commonwealth v. Collins***, 598 Pa. 397, 957 A.2d 237, 244 (2008) (citing ***Strickland***, 466 U.S. at 694....)).

***Commonwealth v. Spotz***, 84 A.3d 294, 311-12 (Pa. 2014).

Appellant contends that the PCRA court erred in denying his petition without a hearing where his trial counsel acted ineffectively by not calling Rubin Thomas (his stepfather), Lawanda Clark (a friend), and Christine Wilson (his mother) to the stand at trial. Appellant claims that these witnesses were willing and available to testify for the defense, and would have testified that he lived at the home in which the above-described incident occurred. Such testimony, Appellant claims, would have established a defense to the charge of carrying a firearm without a license, which is defined as follows:

**(a) Offense defined.--**

(1) Except as provided in paragraph (2), any person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, **except in his place of abode** or fixed place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree.

18 Pa.C.S. § 6106(a) (emphasis added).

Our Supreme Court has explained that,

[w]hen raising a claim of ineffectiveness for the failure to call a potential witness, a petitioner satisfies the performance and prejudice requirements of the ***Strickland*** test by establishing that: (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

***Commonwealth v. Sneed***, 45 A.3d 1096, 1108–09 (Pa. 2012).

- 5 -

Here, the PCRA court denied Appellant's ineffectiveness claim on the sole basis that Appellant had failed to meet the prejudice prong of this test. It reasoned that, "[a]ssuming *arguendo* that [Appellant] lived at [the home], the testimony at trial unequivocally prove[d that Appellant] left the house more than once during the argument with the complainant. Therefore, he was still outside 'his place of abode' with the gun." PCO at 4 (citing N.T. Trial, 9/22/14, at 11-12, 18 28-29).

We are constrained to conclude that the PCRA court's prejudice analysis is legally flawed. First, this Court has held that "the Commonwealth must establish that a defendant acted 'intentionally, knowingly or recklessly' with respect to each element [of section 6106]...." **Commonwealth v. Scott**, 176 A.3d 283, 291 (Pa. Super. 2017). Here, the Commonwealth's two witnesses, Talik Monsonto and Atiya Wilson, both testified that Appellant did not voluntarily leave the house with the gun but, rather, he was pushed outside by his family members. **See** N.T. Trial at 11-12 (Monsonto's testifying that he and his stepfather and brother "pushed [Appellant] to the front door, [and] got him out"); *id.* at 18 (Monsonto's stating that after Appellant pulled the gun from his waistband, he and other family members "pushed him out of the door" and, after Appellant reentered the house, they "push[ed] him back out of the door" again); *id.* at 25, 28-29 (Wilson's testifying that family members forced Appellant out of the house); *id.* at 32 (Wilson's stating that Appellant was being "pushed out" of the home). Thus, contrary to the court's

conclusion, the evidence did not demonstrate that Appellant 'intentionally, knowingly, or recklessly' left the home while possessing the gun.

Moreover, even if the evidence was sufficient to prove this element of Appellant's section 6106 offense, there was no evidence establishing that Appellant **concealed** the weapon once outside. Monsonto testified that when he and other family members pushed Appellant out of the house, the gun was in Appellant's hand; thus, it was not concealed. N.T. Trial at 18. Monsonto did not offer any testimony about what Appellant did with the gun after that, or after Appellant was removed from the home the second time. Likewise, Wilson did not testify about what Appellant did with the gun after he was forced out of the residence either time.

In light of this record, the PCRA court erred by concluding that Appellant was not prejudiced by counsel's decision not to call the at-issue witnesses simply because he "left the house more than once" during the incident. PCO at 4. Accordingly, we vacate the court's order denying Appellant's petition and remand for the court to conduct an evidentiary hearing, after which the court must determine if Appellant met all the prongs for proving trial counsel's ineffectiveness. In particular, the court must: (1) determine if Appellant established that the witnesses were willing and available to testify, and that trial counsel knew of their existence; (2) make a credibility determination regarding their claims that Appellant lived at the residence at the time of the incident; and (3) determine if counsel had any reasonable basis for not calling them to the stand at trial.

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/15/19